UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

EASYGROUP LTD,
a United Kingdom corporation,

      Plaintiff,

v.

SKYSCANNER, INC. a Delaware corporation
registered to do business in Florida,
KAYAK, LLC., a Connecticut limited liability
company, KIWI.COM, INC., a
Delaware corporation, LBF TRAVEL, INC.,
d/b/a SMARTFARES.COM, a Delaware
corporation, EMPRESA AEREA DE SERVICIOS
Y FACILITACION LOGISTICA INTEGRAL,
S.A., d/b/a EASYFLY, S.A., a Colombian
corporation, ALFONSO AVILA VELANDIA,
an individual resident of Bogota, Colombia,
LUFTWINDS S.A., a Panamanian corporation,
HENRY ALEJANDRO CUBIDES MORENO,
an individual resident of the Republic of Panama.

      Defendants.
_____/

## **COMPLAINT**

Plaintiff, easyGroup LTD f/k/a easyGroup IP Licensing Ltd. ("easyGroup" or "Plaintiff"),

by and through its undersigned counsel, hereby sues Defendants, SKYSCANNER, INC. a

Delaware corporation registered to do business in Florida ("Skyscanner"), KAYAK, LLC

("Kayak"), KIWI.COM, INC., ("Kiwi"), LBF TRAVEL, INC., d/b/a SMARTFARES.COM,

("Smartfares"), EMPRESA AEREA DE SERVICIOS Y FACILITACION LOGISTICA

INTEGRAL, S.A., d/b/a EASYFLY, S.A. ("Easyfly"), LUFTWINDS S.A. ("Luftwinds"),

(Skyscanner, Kayak, Kiwi, Smartfares, Luftwinds and Easyfly are referred to as "Corporate

Defendants"), ALFONSO AVILA VELANDIA ("Avila"), and HENRY ALEJANDRO

CUBIDES MORENO ("Cubides") (Corporate Defendants, Avila and Cubides are referred to as "Defendants") and states:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. § 1338(b) (pendant unfair competition claims) and 28 U.S.C. § 1367 (supplemental jurisdiction).  Furthermore, Plaintiff has directed sales into this state and purposefully availed itself of the laws of this state.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants have taken actions outside of the state of Florida which have caused injuries in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## NATURE OF ACTION

3.      This is an action in law and equity for trademark counterfeiting and infringement, common law trademark infringement, trademark dilution, false designation of origin, civil conspiracy, and unfair competition, in violation of Section 42 of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*., and Florida State law and declaratory relief.

## THE PARTIES

4.      Plaintiff, easyGroup, is a corporation organized under the laws of the United Kingdom.

5.      Skyscanner, is a corporation organized and existing under the laws of the state of Delaware which is registered to do business in Florida.  Skycanner's principal office in Florida is

at 1111 Brickell Ave., Suite 2250, Miami, FL 33131.  Its registered agent for service of process in Florida is Bryan Jason Dove, 1111 Brickell Ave., Suite 2250, Miami, FL 33131.

6.     Kayak is a corporation organized under the laws of the state of Connecticut.  Kayak is not registered to do business in Florida but is offering its services to Florida residents.  Kayak's principal place of business is 149 East Lake Street, Winsted, CT 06098.  Its registered agent for service of process is Bruce G. Temkin, LLC, 100 Pearl Street, 14th Floor, Hartford, CT, 06103.

7.     Kiwi is a corporation organized under the laws of the state of Delaware.  Kiwi is not registered to do business in Florida but is offering its services to Florida residents.  Kiwi's principal place of business is unknown.  Its registered agent for service of process is Northwest Registered Agent Service, Inc., 8 The Green, Ste. B, Dover, DE 19901.

8.     Smartfares is a corporation organized under the laws of the state of Delaware. Smartfares is not registered to do business in Florida but is offering its services to Florida residents. Smartfares' principal place of business is unknown.  Its registered agent for service of process is Michael H. Thomas, 4545 Murphy Canyon Rd., Ste. 210, San Diego, CA 92123.

9.     Easyfly is, upon information and belief, a corporation organized and existing under the laws of the Republic of Colombia.  Easyfly's principal place of business is located at Avenida El Dorado 103 - 08 Puerta 1 Angar 14, Bogota, Colombia.

10.     Avila is an individual, Colombian state ID (cedula) number 000000007418415, believed to reside at CRA 74 48-19, Bogota, Cundinamarca, Colombia.  Avila is the CEO of Easyfly and, upon information and belief, the decision maker controlling its actions.

11.     Luftwinds, is, upon information and belief, a corporation organized and existing under the laws of the Republic of Panama.  Luftwinds' principal place of business is located at Avenida Pacifica - Avenida Paseo del Mar, Costa Este, Ciudad Panama.

12.     Cubides is an individual believed to reside in Colombia, Colombian state ID (cedula) number 0001094204, at Carrera 88 No. 17 B-40, 110921 Bogota D.C., Colombia. Cubides is the CEO of Luftwinds and, upon information and belief, the decision maker controlling its actions.

## FACTS

### A. *EasyGroup and the EasyGroup family of marks.*

13.     Plaintiff easyGroup is a corporation organized in the United Kingdom to manage and license an international family of marks beginning with the prefix "easy".   easyGroup licenses these trademarks to companies around the world.

14.     easyGroup owns numerous trademark registrations beginning with the prefix "easy" worldwide for a large variety of goods and services.

15.     In the United States, easyGroup owns 21 federal trademark registrations:

| | | | |
|---|---|---|---|
| 1 | 87146197 | 5915181 | EASYWATCH.COM |
| 2 | 87144337 | 5816354 | EASYLAND |
| 3 | 87136730 | 5758042 | EASYCINEMA |
| 4 | 87144305 | 5706561 | EASYKIOSK |
| 5 | 87146275 | 5672095 | EASYTRUCK |
| 6 | 87535672 | 5548544 | EASYHOTEL |
| 7 | 87165841 | 5483502 | EASYJET EASYJET.COM |
| 8 | 87138167 | 5483482 | EASYCRUISE |
| 9 | 87136788 | 5483480 | EASYJETHOLIDAYS |
| 10 | 87136758 | 5483479 | EASYINTERNETCAFE |
| 11 | 87136710 | 5483478 | EASYATLANTIC |
| 12 | 87119875 | 5483459 | EASYAIR |
| 13 | 87119844 | 5483458 | EASYFLY |
| 14 | 85579925 | 4356384 | EASYBUS |
| 15 | 85616949 | 4416807 | EASY |
| 16 | 78467389 | 3147540 | EASYJET |
| 17 | 78191157 | 2831948 | EASYCAR |
| 18 | 77912940 | 4051278 | EASYJET |
| 19 | 77284909 | 3507427 | EASYROOMMATE |

| 20 | 76460480 | 3155481 | EASYBUS |
| 21 | 75235803 | 2197131 | EASYJET |

16.     In addition to the foregoing registrations, easyGroup owns a pending application for EASYMONEY(88060804) for, among other things, money machines, financial services and banking.

17.     easyGroup also owns another application for EASYSKY (87119819) for, among other things, advertising and coordinating travel arrangements.

18.     The foregoing list specifically includes:

   a.     EASYFLY (Reg. No. 5483458) in class 39 for

       i.     Transport by land, air, aircraft, water, vessels, and vehicles; packaging and storage of goods; coordinating travel arrangement, namely, travel and transport information services and coordinating travel arrangements; travel information; provision of car parking facilities; transportation of goods, passengers and travelers by air, land, sea and rail; airline and shipping services; airport check-in services; arranging of transportation of goods, passengers and travelers by land and sea; airline services; baggage handling services; cargo handling and freight services; arranging, operating and providing cruises, sightseeing tour transport, sightseeing tours in the nature of travel guide services, excursion transport, and vacation excursion transport; chartering of aircraft; rental and hire of aircraft, vehicles and boats; chauffeur services; taxi services; bus services; coach services; rail services; airport transfer services; airport parking services; aircraft parking services; escorting of travelers; travel agency services, namely, making reservations and bookings for travel and transportation; tourist office services, namely, providing travel information; advisory and information services relating to the aforesaid services, namely, travel information, flight arrival and departure information; information services relating to transportation services, travel information and travel transportation booking services provided on-line from a computer database or the Internet; booking of travel tickets; booking of seats for travel; providing a website for the arrangement and booking of travel transportation; making reservations and bookings for transportation; travel booking agencies; providing information about travel and bookings for travel; providing information about travel and bookings for travel, namely, transportation and cruises.

b.  (Reg. No. 4416807) in class 39 for

    i. Transportation of goods, passengers and travellers by air; airline and shipping services; airport check-in services, namely, airport baggage check-in services, airport passenger check-in services, or airline check-in services; arranging of transportation of passengers and travellers by land, namely, making reservations and bookings for transportation of passengers and travellers by land; airline transportation services; bus transport services; transportation services, namely, checking of baggage; cargo handling; freight services, namely, freight forwarding services and freight loading services; arranging, operating and providing facilities for cruises, tours, excursions and vacations, namely, arranging travel tours, cruises, excursions and vacations, organization, booking and arrangement of excursions, day trips and sightseeing tours, tour guide services, travel, excursion and cruise arrangement; chartering of aircraft; rental and hire of aircraft, vehicles and boats; aircraft parking services; travel booking agency and tourist office services; advisory and information services relating to the aforesaid services; information services relating to transportation services, including information services provided on-line from a computer database or the Internet.

c. EASYJET (Reg. No. 2197131) in class 39 for

    i. Air transportation; travel agency services, namely, making reservations and bookings for transportation; arranging travel tours.

19. easyGroup and its licensees spend hundreds of thousands of dollars every year promoting the "easy" trademarks and building easyGroup's goodwill in the marks.

20. As a result of its significant marketing efforts, the "easy" family of marks have become famous and well known in the United States and in many other countries.

21. The strongest reputation enjoyed by easyGroup is in relation to air travel services, owing to the airline "easyJet". Of the above marks, easyJet has the most significant and longstanding reputation for aviation services, but all of the above marks are registered for such services.

#39079599 v1

22.     easyJet is one of the largest and best-known airlines in the world, operating in over 30 countries and carrying about 100 million passengers a year.  The www.easyjet.com website receives over 200 million customer visits a year.

**B. *Avila pirates the Easy marks in Colombia.***

23.     Defendant Easyfly is an airline founded and initially operated in the country of Colombia in 2007 by Defendant Avila.

24.     Upon information and belief, Defendant Avila, who previously operated Aero Republica, named his airline Easyfly with the intent of copying easyGroup's highly successful "easy" family of marks in general and EASYJET in particular.

25.     Upon information and belief, Defendant Avila principally controls the actions of Easyfly in relation to this Complaint.

26.     Until recently, Easyfly only operated routes in Colombia but is looking to expand internationally.

27.     Easyfly has previously availed itself and brought legal action before the Courts of the United States and particularly before the Southern District of Florida.  *See Empresa Aerea De Servicios Y Facilitacion Logistica Integral, S.A., D/B/A Easyfly, S.A. v. Black Lion Aviation Corp*., Case No. 10-60112-CTV-Zloch (2010).

28.     easyGroup has engaged in ongoing legal action to stop Avila and Easyfly's piracy of the "Easyfly" mark in Colombia.

29.     Easyfly operates a website which purports to sell tickets only in Colombia but which accepts purchases from the United States.  ***See Exhibit A***.

30.     The Easyfly site claims to require a government ID ("Cedula") but ignores fake numbers and accepts orders from U.S. customers using U.S. credit cards.  Upon information and

7

belief, the site does not seek business solely from the large Colombian American community in the U.S. but from any U.S. travelers.

31.     On this site and others, Easyfly uses the following infringing trademarks:

a. EASYFLY

b. 

c. 

32.     Easyfly also identifies its service using the mark:

**C.     *Defendants profit from infringing and counterfeit EASYFLY mark in the United States.***

33.     Defendants Kayak, Skyscanner and Smartfares promote travel fares and direct customers to ticket vendors.  These parties benefit from the online traffic by using the infringing mark to offer infringing services despite the fact that they do not ultimately sell the ticket.

34.     Skyscanner and Smartfares go even further and create landing pages promoting the infringing trademark and services to U.S. customers in order to increase online traffic to their sites.

35.     Defendant Kiwi is an online ticket reseller who, directly or indirectly, sells tickets to customers forwarded by Kayak (and others).

36.     These parties, under the guise of providing information to customers, profit from promoting carrier brands that drive the sale of air travel tickets.

37.     These parties also use marks which are infringing in the United States to drive traffic to foreign carriers, thereby benefiting from their use and assisting in creating the infringing sales. The sites do not merely provide information about a carrier, they provide actual times and pricing and facilitate a link for the purpose of promoting commercial activity in the United States using the infringing or counterfeit trademarks.

#39079599 v1

38.     Skyscanner, operates a website promoting the purchase of tickets for flights on the pirate Easyfly service:

## Easyfly flights & tickets

Looking for cheap flights with Easyfly? Use Skyscanner to browse Easyfly flights and find the lowest prices and most convenient Easyfly flight times for your travel needs. Follow the links and book your cheap flight directly with the airline or travel agent for the best price – Skyscanner doesn't add any commission.

Skyscanner allows you to find the cheapest flights with Easyfly without having to enter specific dates or even destinations, making it the best place to find cheap flights for your trip.

*See Exhibit B*.

39.     Skyscanner then identifies and sells tickets for flights on the pirate airline usually combining the Colombian legs of the route with other legs from legitimate carriers in order to make the infringing sale possible.  *See Exhibit C*.

40.     Skyscanner directs the ticket purchase to make the purchase with Kiwi or with the infringing Easyfly site directly, permitting them to benefit from the use of the trademark in the U.S. market.  Through its promotion of the counterfeit Easyfly mark Skyscanner is also driving traffic to its website, therefore profiting from the infringing use.

41.     Kayak is offering U.S. customers tickets on Avila's infringing Easyfly service and, in doing so, is actively promoting the counterfeit trademark in the United States:

#39079599 v1



*See Exhibit D.*

42.     Selecting one of these tickets directs the U.S. customer to Defendant Kiwi's KIWI.COM site which actually sells the ticket. *See Exhibit E*.

43.     Although Kiwi does not display the mark, it facilitates and profits from Kayak's use of the infringing mark and forms a part of the conspiracy to directly and contributorily infringe easyGroup's trademarks using the counterfeit Easyfly mark. Kiwi was previously contacted by easyGroup and asked to discontinue using the infringing and counterfeit Easyfly mark on its site. It appears that it did stop making use on the KIWI.COM site but continues to profit from use of the mark through the activities of Kayak.

44.     Smartfares, another online consolidator, operates a page promoting the infringing and counterfeit Easyfly mark to drive web traffic to its United States website and offers promotional discounts to United States customers for using the pirate airline:

#39079599 v1



*See Exhibit F.*

45.     Although Smartfares does not seem to actually be offering tickets on the pirate airline at this time, it nevertheless is driving web traffic to its United States site using the infringing and counterfeit mark.

46.     Upon information and belief, it is likely, based on the nature of the online travel industry, that the pirate airline Easyfly has agreements with one or more of these online consolidators encouraging them to use and promote the counterfeit Easyfly mark and to promote sale of tickets on the pirate airline in the United States.

47.     The pirate Easyfly airline is benefitting from the infringing activities of these online consolidators who are selling tickets on the pirate airline using the counterfeit Easyfly trademark in the United States.

48.     Easyfly even issued "Black Friday" specific promotions with the apparent intent of luring United States customers through the consolidator sites or through direct purchase on the pirate airline's Colombian website.  *See Exhibit G*.

**D. Luftwinds and Cubides and the imminent threat of airplanes branded with the counterfeit EASYFLY mark coming to the United States.**

49.     Luftwinds is a company that is closely affiliated with Easyfly.

50.     Luftwinds purchases the planes with the Easyfly brand affixed to the exterior and then leases the planes to Easyfly for use in Colombia.

51.     Cubides is the CEO of Luftwinds and, upon information and belief, controls its actions with regards to the planes.

52.     On October 17, 2019, in a legal proceeding filed by easyGroup against Easyfly before the High Court of Justice of the Business and Property Courts of England and Wales, Claim No. IL-2017-00030, Raffaele Buompane submitted a Witness Statement.  A Witness Statement is the legal equivalent of testimony and constitutes evidence in the case.  ***See Exhibit H – Witness Statement of Raffaele Buompane.***

53.     Mr. Buompane is an Aircraft Acceptance and Delivery Manager for Avions de Transport Regional (GIE) d/b/a ATR Aircraft ("ATR").  *Id. ¶ 1.*

54.     ATR was founded in 1981 and promotes itself as ATR the world leader in the market for regional aircraft up to 90 seats.  *Id. ¶ 7.*

55.     The Witness Statement was filed in support of ATR's opposition to being included as a Defendant in the action.  *Id. ¶ 2.*

56.     Mr. Buompane states that the aircrafts used by Easyfly and Avila were supplied by ATR to Luftwinds with the intent that they would be used by Easyfly.  *Id. ¶ 11.*

57.     On July 10, 2018, Luftwinds and ATR entered into a Heads of Agreement ("HOA") for the sale of five ATR-600 series aircraft.  *Id. ¶ 14.*

58.     The HOA also anticipates ancillary services by ATR to Luftwinds such as training in Miami, US.  *Id. ¶ 16.*

59.     The livery (exterior markings) on all aircraft sold to Luftwinds are specified by Luftwinds to include the following infringing markings:

| Merchant sign for Colombia | Operator signs | Nationality and registration marks |
|---|---|---|
| COLOMBIA | EASYFLY | HK-XXXX |
| COLOMBIA | EASYFLY.com.co | XX |

60.     Training using these aircrafts in Miami, FL, US, unless enjoined, will further create and reinforce the confusion already created by the previously described on-line use.

**E.  Damages and injunctive relief are needed and justified to make Plaintiff whole and to prevent irreparable harm to the easyGroup Marks.**

61.     Defendants' EASYFLY mark is a counterfeit of easyGroup's EASYFLY registered mark and is an infringement of easyGroup's other registered marks such as EASY and EASYJET.

62.     By using the counterfeit Easyfly mark in the United States, Defendants are causing irreparable harm to the United States EASY, EASYJET and EASYFLY marks as well as to the entire "easy" family of marks.

63.     The risk of irreparable harm is rendered even more severe due to the fact that air-carriage is viewed by consumers as an industry requiring a high level of safety and technical care. If the pirate airline crashes one of its planes and United States consumers associate the pirate mark with the EASY family of marks it could irreparably and irreversibly undermine goodwill and trust in the Plaintiff's marks and services.

64.     Plaintiff believes that if Defendants are not enjoined from such conduct, their actions could cause irreparable harm to easyGroup's reputation and to the valuable goodwill in its trademarks.  Once consumers' confidence has been lost, it will be impossible to recover their trust.

65.     If consumers cannot trust and rely on the authenticity of marketing materials bearing the EASY trademarks, they will choose to send their business elsewhere.

66.     easyGroup needs injunctive relief to stop the dilution and infringement of its famous marks both online and through the flight of branded planes into the United States.

67.     easyGroup has been forced to retain counsel and incur legal fees and costs as a result of the actions of Defendants.

68.     All conditions precedent to the filing of this action have either been met or have been waived by the parties.

## COUNT I

### DIRECT INFRINGEMENT AND COUNTERFEITING OF FEDERALLY REGISTERED TRADEMARK
**Against Skyscanner, Kayak, and Smartfares**

69.     Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 68 as if fully recited herein.

70.     This is a claim by Plaintiff for direct infringement and counterfeiting of federally registered trademarks arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

71.     Defendants Skyscanner, Kayak and Smartfares' activities through direct and indirect offering of and profiting from travel and airline services in the United States using the infringing and counterfeit mark EASYFLY, as alleged above, constitutes direct infringement and counterfeiting of Plaintiff's trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, all to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

72.     By such wrongful acts, Defendants Skyscanner, Kayak and Smartfares have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage

14

to Plaintiff and to the goodwill associated with their registered marks, including diversion of customers from Plaintiff, lost royalties, lost sales and lost profits, and Defendants will be unjustly enriched.

73.     Unless enjoined, Defendants will continue their unlawful conduct to the irreparable harm of easyGroup's trademarks and related goodwill.

74.     Plaintiff has no adequate remedy at law.

75.     Defendants' acts are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT II

### CONTRIBUTORY INFRINGEMENT AND COUNTERFEITING
### OF FEDERALLY REGISTERED TRADEMARK
### Against Skyscanner, Kayak, Smartfares, Easyfly and Avila

76.     Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 68 as if fully recited herein.

77.     This is a claim by Plaintiff for contributory infringement and counterfeiting of federally registered trademarks arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

78.     Defendants' activities through their intentional inducement, support, facilitation, and encouragement of the direct and indirect offering of and profiting from travel and airline services in the United States using the infringing and counterfeit mark EASYFLY, as alleged above, constitutes contributory infringement and counterfeiting of Plaintiff's trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, all to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

#39079599 v1

79.     Defendants knew or had reason to know that their activities were aiding and encouraging others to engage in infringement and counterfeiting in the United States but continued in their wrongful actions.

80.     By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with their registered marks, including diversion of customers from Plaintiff, lost royalties, lost sales and lost profits, and Defendants will be unjustly enriched.

81.     Defendants' acts are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

82.     Unless enjoined, Defendants will continue their unlawful conduct to the irreparable harm of easyGroup's trademarks and related goodwill.

83.     Plaintiff has no adequate remedy at law.

84.     Upon information and belief, Defendant Avila has been the active, moving force behind the corporate Defendant Easyfly's infringing conduct, and should be held jointly and severally liable therefor.

## COUNT III

### FEDERAL UNFAIR COMPETITION
### AND FALSE DESIGNATION OF ORIGIN
### Against Skyscanner, Kayak, Smartfares, Easyfly and Avila

85.     Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 68 as if fully recited herein.

86.     This is a claim by Plaintiff for trademark infringement and false designation of origin arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

16

87.     Defendants' activities, as alleged, constitute false designation of origin, false representation and false description, all to the substantial and irreparable injury of the public, of Plaintiff's trademarks and of Plaintiff's business reputations and goodwill.

88.     By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with the Plaintiff's trademarks, including diversion of customers from Plaintiff, lost sales and lost profits, and Defendants will be unjustly enriched.

89.     Unless enjoined, Defendants will continue their unlawful conduct to the irreparable harm of easyGroup's trademarks and related goodwill.

90.     Plaintiff has no adequate remedy at law.

91.     Defendants' acts are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

92.     Upon information and belief, Defendant Avila has been the active, moving force behind the corporate Defendant Easyfly's infringing conduct, and should be held jointly and severally liable therefor.

**COUNT IV**

**TRADEMARK DILUTION, 15 U.S.C. § 1125(C)**
**Against Skyscanner, Kayak, Smartfares, Easyfly and Avila**

93.     Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 68 as if fully recited herein.

94.     This is a claim by Plaintiff for trademark dilution in violation of 15 U.S.C. § 1125(C).

95.     easyGroup's EASY and EASYJET marks have become famous and well known in the U.S. and abroad due to the extensive international use and promotion of the marks.

17

96.     The actions of Defendants as described above have diluted the reputation and value of Plaintiff's well known and famous trademark through their false and misleading advertising and counterfeiting of the easyGroup family of marks in the United States including but not limited to EASYFLY and EASYJET.

97.     Defendants, in connection with promotion and advertising of their services and conduct of business, have used in interstate commerce the words, terms, names, symbols or any combinations thereof related to Plaintiff's famous marks, such use beginning after the marks became famous.

98.     Defendants' conduct was willfully intended to tarnish the reputation and value of Plaintiff's famous Mark and to dilute the easyGroup family of marks in the United States including but not limited to EASYFLY and EASYJET by blurring its distinctiveness.

99.     Defendants' violations of the Lanham Act have damaged Plaintiff and will continue to damage Plaintiff unless enjoined by the Court.

100.    Plaintiff has suffered monetary damages as a result of Defendants' unlawful acts in an amount to be determined at trial.

101.    Defendants' intentional acts in furtherance of trademark dilution make this a willful, intentional, egregious and exceptional case within the meaning of 15 U.S.C. § 1117(a).

102.    Upon information and belief, Defendant Avila has been the active, moving force behind the corporate Defendant Easyfly's infringing conduct, and should be held jointly and severally liable therefor.

#39079599 v1

## COUNT V

### <u>CIVIL CONSPIRACY</u>
**Against Skyscanner, Kayak, Smartfares, Easyfly and Avila**

103.    Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 68 as if fully recited herein.

104.    This is a count for civil conspiracy under the law of the state of Florida.

105.    As alleged more fully above, upon information and belief, Defendants have conspired to directly and contributorily infringe easyGroup marks and to counterfeit easyGroup's EASYFLY registered mark and to engage in the other unlawful acts described in the counts of this complaint, or to do lawful acts by unlawful means.

106.    Defendants engaged in such wrongful conspiracy with a common design and intent to violate easyGroup's trademark rights and to engage in acts of unfair competition.

107.    As a direct and proximate result of this conspiracy and the acts done in furtherance of it, Plaintiff has suffered and will suffer damages in an amount to be calculated at the trial on the matter.

108.    Upon information and belief, Defendant Avila has been the active, moving force behind the corporate Defendant Easyfly's infringing conduct, and should be held jointly and severally liable therefor.

## COUNT VI

### <u>COMMON LAW UNFAIR COMPETITION</u>
**Against Skyscanner, Kayak, Smartfares, Easyfly and Avila**

109.    Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 68 as if fully recited herein.

#39079599 v1

110.    This is a claim for unfair competition arising under the common law of the state of Florida.

111.    By their foregoing deceptive and/or fraudulent conduct creating a likelihood of confusion, each of the Defendants has unfairly competed with Plaintiff and/or contributed to acts of unfair competition by other Defendants or third parties, all to the substantial and irreparable injury of the public and of Plaintiff's business reputations and goodwill.

112.    By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with the Plaintiff's trademarks, including diversion of customers from Plaintiff, lost sales and lost profits, and Defendants will be unjustly enriched.

113.    Unless enjoined, Defendants will continue their unlawful conduct to the irreparable harm of easyGroup's trademarks and related goodwill.

114.    Plaintiff has no adequate remedy at law.

115.    Upon information and belief, Defendant Avila has been the active, moving force behind the corporate Defendant Easyfly's infringing conduct, and should be held jointly and severally liable therefor.

## COUNT VII

### DECLARATORY JUDGMENT
### Against Luftwinds and Cubides

116.    Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 68 as if fully recited herein.

117.    This is a claim for declaratory and injunctive relief.

118.    easyGroup has identified a threat that Luftwinds, on the instructions and behest of Cubides, will fly planes into Miami, Florida, U.S. for training.

119.    Such actions will show the counterfeit mark on U.S. soil and will contribute to the infringing activity otherwise identified in this complaint.

120.    easyGroup seeks a declaration that such flying and use of an aircraft branded with the counterfeit mark will constitute an act of infringement and counterfeiting on U.S. soil.

121.    Unless restrained by the Court, these acts will cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with the Plaintiff's trademarks and Defendants will be unjustly enriched.  Plaintiff has no adequate remedy at law.

**WHEREFORE,** Plaintiff prays:

(1)    That a preliminary and permanent injunction issue, pursuant to Section 42 of the Lanham Act, 15 U.S.C. §§ 1124 and 1125, and the equitable power of this Court to enforce the common law of the state of Florida, restraining Defendants, their agents, servants, partners, representatives, employees, successors and assigns, and all others in concert and privity with them from:

(a)    Directly or indirectly making any use related to transportation, travel, and tour services (including the flying of planes branded with the counterfeit mark into or out of a domestic airport), and/or causing, aiding, abetting or contributing to the actions of others in using in relation to such services and for any other service for which the easyGroup marks are registered in the United States:

i.    Any trademark which includes the word "easy" or which is otherwise confusingly similar to Plaintiff's Mark and its associated designs; and

ii.    Any advertisements or promotional materials or other items, digital or otherwise that are labeled with or contain trademark designs prohibited in i. above; and

21

     iii.     Operating any website that uses a trademark that includes the word "easy" or which uses the word easy to create confusion with any of the easyGroup registered marks.

(b)     Directly or indirectly infringing Plaintiff's trademarks; and

(c)     Directly or indirectly seeking to register trademarks which are confusingly similar to Plaintiff's trademarks; and

(d)     Directly or indirectly seeking to register domains for transportation, travel or tour sites which include the word "easy"; and

(e)     Unfairly competing with Plaintiff; and

(f)     Falsely claiming any affiliation with Plaintiff.

(2)     That Defendants Skyscanner, Kayak, Smartfares, Easyfly and Avila be required to account to Plaintiff for Defendants' profits and the actual damages suffered by Plaintiff as a result of Defendants' acts of infringement, false designation of origin, and unfair competition together with interest, that Plaintiff's recoveries be enhanced and/or trebled, and that prejudgment interest be awarded, pursuant to Section 43 of the Lanham Act, 15 U.S.C. §§ 1117 and 1125, and the common law of the state of Florida;

(3)     That Defendants Skyscanner, Kayak, Smartfares, Easyfly and Avila be required to pay statutory damages to Plaintiff pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c);

(4)     That Defendants Skyscanner, Kayak, Smartfares, Easyfly and Avila be required to recall from distribution and surrender for destruction all products, order forms, price lists, labels, advertisements, brochures, catalogs, packaging materials and other materials incorporating or imitating Plaintiff's trademarks pursuant to Sections 36 and 43 of the Lanham Act, 15. U.S.C. §§

1118 and 1125, and the equitable power of this Court to enforce the common law of the state of

Florida;

(5)     That Defendants Skyscanner, Kayak, Smartfares, Easyfly and Avila be required to

pay Plaintiff's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the

Lanham Act (15 U.S.C. § 1117); and

(6)     For such other and further relief as may be just and equitable.

Dated:  January 7, 2020.                    Respectfully submitted,

s/Jorge Espinosa
Jorge Espinosa
Florida Bar No.: 779032
jorge.espinosa@gray-robinson.com
Francesca Russo
Florida Bar No.:  174912
francesca.russo@gray-robinson.com
**GRAY | ROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 3200
Miami, FL 33131
Tel:  305-416-6880
Fax: 305-416-6887
*Attorneys for Plaintiff*