**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:20-cv-20062-Altonaga/Goodman**

EASYGROUP LTD, a United Kingdom
corporation,

       Plaintiff,

       v.

KAYAK SOFTWARE CORPORATION, a
corporation chartered in Delaware, EMPRESA
AEREA DE SERVICIOS Y FACILITATION
LOGISTICA INTEGRAL, S.A., d/b/a EASYFLY,
S.A., a Colombian corporation,

       Defendants.

_____/

**DEFENDANT EMPRESA AEREA DE SERVICIOS Y FACILITATION LOGISTICA
INTEGRAL, S.A.' S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT [DE 116] AND COUNTERCLAIM**

Defendant Empresa Aerea de Servicios Y Facilitation Logistica Integral, S.A.
(hereinafter "Defendant" or "Empresa"), by and through undersigned counsel, hereby answers
Plaintiff's Second Amended Complaint [DE 116] (hereinafter the "SAC") as follows:

**ANSWER TO COMPLAINT**

**NATURE OF ACTION**

1.  Empresa admits that Plaintiff easyGroup Ltd. (hereinafter "Plaintiff" or "easyGroup")
purports this to be an action in law and equity for trademark counterfeiting and infringement,
common law trademark infringement, false designation of origin and unfair competition, in

violation of Section 42 of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*., and Florida State law, and denies all remaining allegations in paragraph 1 of the SAC.

## THE PARTIES

2.   Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the SAC and, on that basis, denies the same.

3.   Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the SAC and, on that basis, denies the same.

4.   Empresa admits that it is a Colombian corporation, having its principal place of business in Bogota, Colombia, and denies all remaining allegations contained in paragraph 4 of the SAC.

## JURISDICTION AND VENUE

5.   Empresa admits that Plaintiff purports to rely on 15 U.S.C. § 1121, 28 U.S.C. §1338(a), 28 U.S.C. §1338(b), and 28 U.S.C. §1367 for purposes of establishing subject matter jurisdiction in this action. Empresa admits that Plaintiff has purposefully availed itself of the laws of Florida. Empresa denies all remaining allegations in paragraph 5 of the SAC.

6.   Empresa admits that Plaintiff purports to rely on 28 U.S.C. §1391(b) and (c) for the purpose of establishing venue in this action. Empresa denies all remaining allegations in paragraph 6 of the SAC.

7.   Empresa admits that some of its employees have traveled to the United States in the past, that it has used an account with the U.S. branch of its Colombian bank, and that, more than a decade ago, it was once involved in litigation in this District having nothing to do with the subject matter of the present litigation.  Empresa denies all remaining allegations in paragraph 7 of the SAC.

## FACTS

8.  Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the SAC and, on that basis, denies the same.

9.  Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the SAC and, on that basis, denies the same.

10. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the SAC and, on that basis, denies the same.

11. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the SAC and, on that basis, denies the same.

12. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the SAC and, on that basis, denies the same.

13. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the SAC and, on that basis, denies the same.

14.  Empresa denies the allegations in paragraph 14 of the SAC.

15. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the SAC and, on that basis, denies the same.

16. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the SAC and, on that basis, denies the same.

17.  Empresa denies the allegations in paragraph 17 of the SAC.

18.  Empresa denies the allegations in paragraph 18 of the SAC.

19. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the SAC and, on that basis, denies the same.

20. Empresa is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 20 of the SAC and, on that basis, denies the same.

21. Empresa admits the allegations in paragraph 21 of the SAC.

22. Empresa admits that Alfonso Avila is a founder of Empresa and is a shareholder of Empresa.  The allegations regarding Henry Alejandro Cubides Moreno and Henry Cubides Olarte are not directed at Empresa, and therefore, no response is required from Empresa. Empresa denies all remaining allegations in paragraph 22 of the SAC.

23. Empresa admits the allegations in paragraph 23 of the SAC.

24. Empresa admits the allegations in paragraph 24 of the SAC.

25. Empresa admits the allegations in paragraph 25 of the SAC.

26. Empresa denies the allegations in paragraph 26 of the SAC.

27. Empresa admits that Alfonso Avila is the chief executive of Empresa and has responsibilities normally accorded to a chief executive of an airline.  Empresa denies all remaining allegations in paragraph 27 of the SAC.

28. Empresa denies the allegations in paragraph 28 of the SAC.

29. Empresa admits the allegations in paragraph 29 of the SAC.

30. Empresa admits Plaintiff has attached Exhibit A to the SAC, what purports to be a screenshot of Empresa's website. Empresa denies all remaining allegations in paragraph 30 of the SAC.

31. Empresa denies the allegations in paragraph 31 of the SAC.

32. Empresa denies the allegations in paragraph 32 of the SAC.

33. Empresa denies the allegations in paragraph 33 of the SAC.

34. Empresa denies the allegations in paragraph 34 of the SAC.

35. Empresa denies the allegations in paragraph 35 of the SAC.

36. Empresa denies the allegations in paragraph 36 of the SAC.

37. Empresa admits that some of its employees have previously traveled to the United States to meet representatives of other companies, including on information and belief, the companies referenced in paragraph 37 of the SAC.  Empresa denies all remaining allegations in paragraph 37 of the SAC.

38. Empresa admits that some parts used in its aircraft are repaired in Miami, Florida and that some parts used in its aircraft are shipped from the United States.  Empresa denies all remaining allegations in paragraph 38 of the SAC.

39. Empresa admits that it has used an account with the U.S. branch of its Colombian bank, Banco de Bogota, to pay some of its suppliers in U.S. currency. Empresa denies all remaining allegations in paragraph 39 of the SAC.

40. Empresa admits that it was a party to the referenced lawsuit, which concluded more than a decade ago and had nothing to do with the instant lawsuit or Plaintiff.  Empresa denies all remaining allegations in paragraph 40 of the SAC.

41. Empresa admits that Alfonso Avila has traveled to the United States and Florida to meet with suppliers and vendors of Empresa, including Barfield, Intrepid Aircraft, and ATR.  Empresa denies all remaining allegations in paragraph 41 of the SAC.

42. Empresa denies the allegations in paragraph 42 of the SAC.

43. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the SAC and, on that basis, denies the same.

44. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the SAC and, on that basis, denies the same.

45. Empresa is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 45 of the SAC and, on that basis, denies the same.

46. Empresa admits that Plaintiff has attached Exhibit B to the SAC. Empresa is without knowledge or information sufficient to form a belief as to all remaining allegations contained in paragraph 46 of the SAC and, on that basis, denies the same.

47. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the SAC and, on that basis, denies the same.

48. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the SAC and, on that basis, denies the same.

49. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the SAC and, on that basis, denies the same.

50. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the SAC and, on that basis, denies the same.

51. Empresa denies the allegations in paragraph 51 of the SAC.

52. Empresa admits Plaintiff has attached Exhibit C to the SAC, what purports to be a promotional advertisement from Empresa. Empresa denies all remaining allegations in paragraph 52 of the SAC.

53. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the SAC and, on that basis, denies the same.

54. Empresa admits to having leased aircraft from Luftwinds, S.A., but denies all remaining allegations contained in paragraph 54 of the SAC.

55. Empresa admits that Plaintiff has attached Exhibit D to the SAC, what purports to be a witness statement, and further states the witness statement speaks for itself. Empresa denies all remaining allegations contained in paragraph 55 of the SAC.

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

56. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of the SAC and, on that basis, denies the same.

57. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the SAC and, on that basis, denies the same.

58. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the SAC and, on that basis, denies the same.

59. Empresa admits that Plaintiff has attached Exhibit D to the SAC, what purports to be a witness statement, and further states the witness statement speaks for itself. Empresa denies all remaining allegations of paragraph 59 of the SAC.

60. Empresa admits that Luftwinds and ATR entered into an agreement for the sale of certain aircraft, however that agreement speaks for itself. Empresa is without knowledge or information sufficient to form a belief as to all remaining allegations contained in paragraph 60 of the SAC and, on that basis, denies the same.

61. Empresa admits that Luftwinds and ATR entered into an agreement for the sale of certain aircraft, however that agreement speaks for itself. Empresa is without knowledge or information sufficient to form a belief as to all remaining allegations contained in paragraph 61 of the SAC and, on that basis, denies the same.

62. Empresa denies that any of the markings on any of the aircraft it operates infringe any rights of Plaintiff. Empresa is without knowledge or information sufficient to form a belief as to all remaining allegations contained in paragraph 62 of the SAC and, on that basis, denies the same.

63. Empresa denies that any of its actions constitute "exploring markets outside of Colombia" and, on that basis, denies the allegations contained in paragraph 63 of the SAC.

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

64. Empresa denies the allegations in paragraph 64 of the SAC.

65. Empresa denies the allegations in paragraph 65 of the SAC and, in particular, denies that any trademark or other type of confusion exists.

66. Empresa denies the allegations in paragraph 66 of the SAC to the extent they may pertain to Empresa.

67. Empresa denies the allegations in paragraph 67 of the SAC to the extent they may pertain to Empresa.

68. Empresa denies the allegations in paragraph 68 of the SAC to the extent they may pertain to Empresa.

69. Empresa denies the allegations in paragraph 69 of the SAC to the extent they may pertain to Empresa.

70. Empresa denies the allegations in paragraph 70 of the SAC to the extent they may pertain to Empresa.

71. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 71 of the SAC and, on that basis, denies the same.

72. Empresa denies the allegations in paragraph 72 of the SAC to the extent they may pertain to Empresa.

73. Empresa denies the allegations in paragraph 73 of the SAC to the extent they may pertain to Empresa.

74. Empresa denies the allegations in paragraph 74 of the SAC to the extent they may pertain to Empresa.

75. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 75 of the SAC and, on that basis, denies the same.

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

76. Empresa denies the allegations in paragraph 76 of the SAC.

77. Empresa denies the allegations in paragraph 77 of the SAC.

78. Empresa is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 78 of the SAC and, on that basis, denies the same.

## COUNT I
## <u>INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK</u>
### Against Kayak

Count I of the SAC does not seek relief against Empresa and, therefore, Empresa does not respond to the allegations of paragraphs 79 through 85 of the SAC.

## COUNT II
## <u>INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK</u>
### Against Empresa

86. Empresa re-alleges and incorporates its responses in paragraphs 1 through 78 above, as if fully restated herein.

87. Empresa admits that Plaintiff purports Count II to be a claim under Section 32 of the Lanham Act, U.S.C., § 1114, *et seq.*, and denies all remaining allegations in paragraph 87 of the SAC, and specifically denies Empresa committed any acts of trademark infringement or engaged in any unlawful conduct.

88. Empresa denies the allegations in paragraph 88 of the SAC.

89. Empresa denies the allegations in paragraph 89 of the SAC.

90. Empresa denies the allegations in paragraph 90 of the SAC.

91. Empresa denies the allegations in paragraph 91 of the SAC.

92. Empresa denies the allegations in paragraph 92 of the SAC.

93. Empresa denies the allegations in paragraph 93 of the SAC.

94. Empresa denies the allegations in paragraph 94 of the SAC.

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

## COUNT III
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### Against Kayak and Empresa

95. Empresa realleges and incorporates its responses in paragraphs 1 through 78 above, as if fully restated herein.

96. Empresa admits that Plaintiff purports Count III to be a claim for unfair competition and false designation of origin arising under Section 43(a) of the Lanham Act, U.S.C., § 1125(a), and denies all remaining allegations in paragraph 96 of the SAC and specifically denies Empresa engaged in any acts of unfair competition under federal law or engaged in any unlawful conduct.

97. Empresa denies the allegations in paragraph 97 of the SAC.

98. Empresa denies the allegations in paragraph 98 of the SAC.

99. Empresa denies the allegations in paragraph 99 of the SAC.

100. Empresa denies the allegations in paragraph 100 of the SAC.

101. Empresa denies the allegations in paragraph 101 of the SAC.

102. Empresa denies the allegations in paragraph 102 of the SAC.

103. Empresa denies the allegations in paragraph 103 of the SAC.

104. Empresa denies the allegations in paragraph 104 of the SAC.

105. Empresa denies the allegations in paragraph 105 of the SAC.

106. Empresa denies the allegations in paragraph 106 of the SAC.

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

**COUNT V[1]**
**COMMON LAW UNFAIR COMPETITION**
**Against Kayak and Empresa**

107. Empresa realleges and incorporates its responses in paragraphs 1 through 78 above, as if fully restated herein.

108. Empresa admits that Plaintiff purports Count V to be a claim for unfair competition arising under the common law of the state of Florida, and denies all remaining allegations in paragraph 108 of the SAC and specifically denies Empresa has committed acts of unfair competition under Florida law or engaged in any unlawful conduct.

109. Empresa denies the allegations in paragraph 109 of the SAC.

110. Empresa denies the allegations in paragraph 110 of the SAC.

111. Empresa denies the allegations in paragraph 111 of the SAC.

112. Empresa denies the allegations in paragraph 112 of the SAC.

113. Empresa denies the allegations in paragraph 113 of the SAC.

114. Empresa denies the allegations in paragraph 114 of the SAC.

115. Empresa denies the allegations in paragraph 115 of the SAC.

116. Empresa denies the allegations in paragraph 116 of the SAC.

117. Empresa denies the allegations in paragraph 117 of the SAC.

**COUNT VI**
**COUNTERFEITING OF THE EASYFLY MARK**
**Against Empresa**

Count VI of the SAC has been dismissed for failure to state a cause of action and, therefore, Empresa does not respond to the allegations of paragraphs 118 through 126 of the SAC.

---

[1] The SAC omits Count IV.

## COUNT VII
## COUNTERFEITING OF THE EASYFLY MARK
### Against Kayak

Count VII of the SAC does not seek relief against Empresa and, therefore, Empresa does not respond to the allegations of paragraphs 127 through 135 of the SAC.

### GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the SAC. Empresa denies all allegations, declarations, or assertions in the SAC that are not specifically admitted in this Answer.

### RESPONSE TO PRAYER FOR RELIEF, COSTS AND ATTORNEY'S FEES

Empresa denies that Plaintiff is entitled to any of the relief requested in the SAC and denies that Plaintiff is entitled to any relief whatsoever. Empresa further denies that Plaintiff is entitled to recover any reasonable costs and attorneys' fees.

### REQUEST FOR JURY TRIAL

Empresa demands a trial by jury on all issues so triable.

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### SECOND DEFENSE

Plaintiff's claims and the relief sought by Plaintiff are barred, in whole or in part, by the equitable doctrines of laches and estoppel.

### THIRD DEFENSE

Plaintiff's claims and the relief sought by Plaintiff are barred, in whole or in part, by the equitable doctrine of "unclean hands."

### FOURTH DEFENSE

Plaintiff's claims and the relief sought by Plaintiff are barred, in whole or in part, by the equitable doctrines of acquiescence, waiver, ratification or consent.

### FIFTH DEFENSE

Plaintiff lacks standing to assert the "EASY," "EASYJET," and "EASYFLY" trademarks against Empresa because Plaintiff has not made use in commerce in the United States of those trademarks.

### SIXTH DEFENSE

There is no likelihood of confusion between Defendant's use of "EASYFLY" and Plaintiff's use of "EASY," "EASYJET," and "EASYFLY" because neither Plaintiff nor Defendant use the trademarks in commerce in the United States, and there are no common geographic markets where they compete.

### SEVENTH DEFENSE

Defendant's use of the name, "EASYFLY" does not deceive, or is not likely to deceive

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

consumers in any way, including in a material way.

## EIGHTH DEFENSE

All actions alleged to have been undertaken by Defendant herein, were undertaken in good faith and with the intent and the result of truthfully informing the traveling public of the region served by Defendant.

## NINTH DEFENSE

Plaintiff's alleged damages are speculative, uncertain and/or contingent, have not accrued and are not recoverable.

## TENTH DEFENSE

Plaintiff's asserted trademark registrations for "EASYJET," "EASY," and "EASYFLY" are invalid because Plaintiff did not have a bona fide intention to use the trademarks in commerce in the United States at the time it applied to register the trademarks.

## ELEVENTH DEFENSE

Plaintiff's asserted trademark registrations for "EASYJET" and "EASY" are invalid because Plaintiff had not made actual use in commerce of the trademarks in the United States at the time Plaintiff filed one or more declarations of use with the United States Patent and Trademark Office.

## TWELFTH DEFENSE

Plaintiff is barred from obtaining any equitable relief from Defendant because any alleged injury to Plaintiff is neither immediate nor irreparable. Plaintiff has an adequate remedy at law, and granting equitable relief would not be in the public interest.

## THIRTEENTH DEFENSE

Plaintiff's claims for punitive or exemplary damages are barred because Plaintiff fails to

allege facts to support such claims and because Defendant did not act at any time or in any way willfully, egregiously, or with oppression, fraud or malice towards Plaintiff.

### FOURTEENTH DEFENSE

Plaintiff is not entitled to recover attorneys' fees pursuant to 15 U.S.C. § 1117(a) insofar as the allegations in the SAC do not support a finding that this case is exceptional with regard to Defendant's conduct.

### FIFTEENTH DEFENSE

Plaintiff is barred from any relief, based on fraud committed by Plaintiff and/or its agents against the United States Patent and Trademark Office ("USPTO"). Plaintiff's asserted trademark registrations for "EASYJET," "EASY" and "EASYFLY" are invalid because they were procured by Plaintiff and/or its agents, who made false, material representations of fact to the USPTO, in connection with each application for the "EASYJET," "EASY" and "EASYFLY" marks. Namely, Plaintiff and/or its agents falsely represented to the USPTO that it had a bona fide intention to use the "EASYJET," "EASY" and "EASYFLY" marks in commerce in the United States, and/or that it had made actual use in commerce of the trademarks in the United States.

### SIXTEENTH DEFENSE

Plaintiff's asserted trademark registrations for "EASYJET," "EASY," and "EASYFLY" are invalid because the asserted marks lack inherent or acquired distinctiveness.

### ADDITIONAL AFFIRMATIVE DEFENSES

Defendant reserves the right to assert other affirmative defenses that may ripen or be revealed after further discovery or investigation.

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

CASE NO. 1:20-CV-20062-ALTONAGA/GOODMAN

## PRAYER FOR RELIEF

WHEREFORE, Empresa respectfully requests that this Court enter a judgment in its favor and against Plaintiff and grant relief as follows:

A.  Ordering that Plaintiff recover nothing by way of its SAC, and that the SAC be dismissed with prejudice;

B.  Entering judgment against Plaintiff and in favor of the Empresa in all respects;

C.  Deeming this case an "exceptional" case pursuant to 15 U.S.C. § 1117 and awarding Empresa costs, expenses and reasonable attorneys' fees; and

D.  Awarding all other legal and equitable relief the Court deems just and proper.

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

CASE NO. 1:20-CV-20062-ALTONAGA/GOODMAN

## COUNTERCLAIM

Defendant/Counter-Plaintiff Empresa (hereinafter "Empresa" or "Counter-Plaintiff") sues Plaintiff/Counter-Defendant easyGroup (hereinafter "easyGroup" or "Counter-Defendant") and states:

1.   Empresa re-alleges its responses to easyGroup's SAC above.

2.   This is an action involving federally registered marks. Accordingly, this Court is granted authority to "determine the right to registration, order the cancellation of registrations, in whole or in part, restore cancelled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."  15 U.S.C. § 1119.

3.  Empresa brings this Counterclaim seeking cancellation of the federal trademark registrations that form the basis for the claim of infringement asserted by easyGroup, Registration No. 5,483,458 for the EASYFLY mark, and Registration No. 4,416,807 for the stylized EASY mark (collectively, the "Subject Marks.")

## THE PARTIES

4.  Empresa is a Colombian corporation, founded in 2006, having its principal place of business in Bogotá, Colombia.  Empresa, also known as Easyfly, S.A., conducts business entirely within Colombia. Since it commenced flight operations in 2007, Empresa has used the EASYFLY mark to identify the source of its products and services to Colombian consumers.

5.  On information and belief, and based on the allegation in the SAC, easyGroup is a United Kingdom corporation with its principal place of business in London, England.

## JURISDICTION AND VENUE

6.  This Court has original subject matter jurisdiction pursuant to the Lanham Act, codified at 15 U.S.C. § 1119 and under 28 U.S.C. §§ 1331 and 1338.

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

7. This Court has personal jurisdiction over easyGroup because easyGroup has submitted itself to the personal jurisdiction of this Court and venue in this District by commencing this action.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because easyGroup is an entity which is subject to this Court's personal jurisdiction with respect to the civil action in question.

## FACTUAL BACKGROUND

9.  Empresa's EASYFLY mark is derived from an acronym of the full legal name of the company: **E**mpresa **A**érea de **S**ervicios **Y** **F**acilitación **L**ogística **I**ntegral. This name roughly translates in English to "Air Services and Integral Logistics Facilitation Corporation."

10. Empresa is a regional passenger airline that operates entirely within the territorial borders of Colombia. Empresa has never operated passenger flights outside of Colombia and has no present plans to operate passenger flights in any country outside of Colombia, including the United States.

11. Empresa's operational certificate is limited to passenger routes and destination within the territorial borders of Colombia. Consequently, Empresa has never operated on route to or from the United States or any other destinations outside of Colombia. Empresa has been operating in Colombia continuously and openly for nearly 14 years.

12. Empresa first began using the EASYFLY mark in 2007, when the company started its flight operations. Empresa received its first trademark registration in Colombia for the standard character mark EASYFLY, on August 23, 2007. Since that time, Empresa has secured several additional Colombian trademark registrations for its trademarks, including EASYFLY.COM.CO and stylized representations of the EASYFLY mark EASYFLY.COM.CO.

13. easyGroup is the record owner of the EASYFLY trademark ("the EASYFLY Mark"), which is the subject of United States Trademark Registration Number 5,483,458 ("the EASYFLY Registration"). The EASYFLY Registration is for the EASYFLY Mark for use with commercial transportation services in International Class 039, advertising services in International Class 035, and food, beverage, and hospitality services in International Class 043.

14. The EASYFLY Registration was registered on June 5, 2018, and was filed on a Trademark Act Section 1(b) "intent to use" basis. It is currently registered under a Section 44(e) "foreign registration" basis.

15. easyGroup is the record owner of the stylized EASY trademark ("the EASY Mark"), which is the subject of United States Trademark Registration Number 4,416,807 ("the EASY Registration"). The EASY Registration is for the EASY Mark for use with commercial transportation services in International Class 039. It should be noted that the mark has previously been cancelled in International Classes 016 and 036.

16. The EASY Registration was registered on October 15, 2013, and was filed on Trademark Act Section 1(b) "intent to use" basis and Section 44(e) "foreign registration" basis. It is currently registered under a Section 44(e) basis.

17. easyGroup has not used the Subject Marks in commerce in the United States and applied for the Subject Marks without a bona fide intent to use them in commerce within the United States.

## COUNT I
### CANCELLATION OF U.S. TRADEMARK REGISTRATION No. 5,483,458 ("EASYFLY") FOR NON-USE AND LACK OF BONA FIDE INTENT TO USE

18. Empresa repeats and re-alleges Paragraphs 1 through 17 as if fully set forth herein.

19. easyGroup has asserted the EASYFLY Registration against Empresa in a suit for

trademark infringement and related causes of action.

20. Empresa asserts that the EASYFLY Registration is invalid and subject to cancellation pursuant to 15 U.S.C. § 1119.

21. Accordingly, there is an actual controversy between easyGroup and Empresa concerning the existence and validity of the EASYFLY Registration.

22. Empresa has been, is, and will continue to be damaged by the existence of the EASYFLY Registration.

23. Section 1051(b)(2) of the Lanham Act requires an intent-to-use applicant to have, among other things, a "bona fide intention to use the mark" for the applied for goods or services.

24. Upon information and belief, in its application to register the EASYFLY Mark, easyGroup falsely represented to the United States Patent and Trademark Office that it had a bona fide intent to use the mark in commerce in the United States in connection with all the services listed therein.

25. Upon information and belief, the false representation was material to the registrability of the EASYFLY Mark since the United States Patent and Trademark Office would not have registered the EASYFLY Mark had it known that easyGroup had no bona fide intent to use the mark in U.S. commerce in connection with all of the services listed in its application for registration.

26. Upon information and belief, easyGroup has never used the EASYFLY Mark in commerce in the United States, and easyGroup has never had a bona fide intent to use the EASYFLY Mark in commerce in the United States in connection with the services listed in the EASYFLY Registration.

27. Upon information and belief, easyGroup does not presently have a bona fide intent to

use the EASYFLY Mark in commerce in the United States.

28. Upon information and belief, easyGroup is not presently using the EASYFLY Mark in commerce in the United States.

29. Upon information and belief, even if easyGroup did ever possess legitimate rights in the EASYFLY Mark at some point in time, easyGroup abandoned any rights in the EASYFLY Mark by, among other reasons, failing to continuously use the mark in commerce in the United States.

30. In view of the above allegations, easyGroup is not entitled to a Federal registration for the EASYFLY mark.

31. Empresa, therefore, seeks an order from this Court cancelling the EASYFLY Registration pursuant to 15 U.S.C. § 1119.

## COUNT II
## CANCELLATION OF U.S. TRADEMARK REGISTRATION No. 4,416,807 ("EASY") FOR NON-USE AND LACK OF BONA FIDE INTENT TO USE

32. Empresa repeats and re-alleges Paragraphs 1 through 17 as if fully set forth herein.

33. easyGroup has asserted the EASY Registration against Empresa in a suit for trademark infringement and related causes of action.

34. Empresa asserts that the EASY Registration is invalid and subject to cancellation pursuant to 15 U.S.C. § 1119.

35. Accordingly, there is an actual controversy between easyGroup and Empresa concerning the existence and validity of the EASY Registration.

36. Empresa has been, is, and will continue to be damaged by the existence of the EASY Registration.

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

CASE NO. 1:20-CV-20062-ALTONAGA/GOODMAN

37. Section 1058(a)(1) of the Lanham Act requires the owner of a trademark registration to file an affidavit of use between the fifth (5th) and sixth (6th) year of registration in order to avoid cancellation of the registration.

38. Section 1058(b)(1) of the Lanham Act requires the affidavit of use to state that the registered mark is in actual use in commerce in connection with all the goods or services for which the applicant seeks to avoid cancellation.

39. Upon information and belief, in its application to register the EASY Mark, easyGroup falsely represented to the United States Patent and Trademark Office that it had a bona fide intent to use the mark in commerce in the United States in connection with all the goods and services listed therein.

40. Upon information and belief, the false representation in the application to register the EASY Mark was material to the registrability of the EASY Mark since the United States Patent and Trademark Office would not have registered the EASY Mark had it known that easyGroup had no bona fide intent to use the mark in U.S. commerce in connection with all of the goods and services listed in its application for registration.

41. Upon information and belief, in an affidavit filed pursuant to Section 1058(a)(1) of the Lanham Act subsequent to issuance of the EASY Registration, easyGroup falsely represented to the United States Patent and Trademark Office that it had made use in commerce of the EASY Mark in the United States in connection with all the goods and services listed therein.

42. Upon information and belief, the false representation in the affidavit was material to the maintenance in force of the EASY Registration since the United States Patent and Trademark Office would have cancelled the EASY Registration had it known that easyGroup had not made actual use in commerce of the EASY Mark in connection with all the goods and services listed

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

in the affidavit.

43. Upon information and belief, easyGroup has never used the EASY Mark in commerce in the United States, and easyGroup has never had a bona fide intent to use the EASY Mark in commerce in the United States in connection with the services listed in the EASY Registration.

44. Upon information and belief, easyGroup does not presently have a bona fide intent to use the EASY Mark in commerce in the United States.

45. Upon information and belief, easyGroup is not presently using the EASY Mark in commerce in the United States.

46. Upon information and belief, even if easyGroup did ever possess legitimate rights in the EASY Mark at some point in time, easyGroup abandoned any rights in the EASY Mark by, among other reasons, failing to continuously use the mark in commerce in the United States.

47. In view of the above allegations, easyGroup is not entitled to a Federal registration for the EASY mark.

48. Empresa, therefore, seeks an order from this Court cancelling the EASY Registration pursuant to 15 U.S.C. § 1119.

## **PRAYER FOR RELIEF**

WHEREFORE, Empresa prays that the Court enter judgment in its favor as follows:

A. Ordering the U.S. Patent and Trademark Office to cancel U.S. Trademark Registration No. 5,483,458 pursuant to the Lanham Act, or, in the alternative, striking all non-used or abandoned goods and services from those registrations;

B. Ordering the U.S. Patent and Trademark Office to cancel U.S. Trademark Registration No. 4,416,807 pursuant to the Lanham Act, or, in the alternative, striking all non-

used or abandoned goods and services from those registrations;

C.   Deeming this case an "exceptional" case pursuant to 15 U.S.C. § 1117 and awarding Empresa its costs, expenses and reasonable attorneys' fees; and

D.   Awarding all other legal and equitable relief that the Court deems to be just and proper.

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

CASE NO. 1:20-CV-20062-ALTONAGA/GOODMAN

Date:   April 7, 2021                   Respectfully submitted,

                                        **LOTT & FISCHER, PL**

                                        <u>**Ury Fischer**</u>
                                        Ury Fischer
                                        Florida Bar No. 048534
                                        E-mail: ufischer@lottfischer.com
                                        Giulia C. Farrior
                                        Florida Bar No. 1011300
                                        E-mail:  gfarrior@lottfischer.com
                                        255 Aragon Avenue, Third Floor
                                        Coral Gables, FL 33134
                                        Telephone: (305) 448-7089


                                        *Attorneys for Defendant EMPRESA AEREA DE*
                                        *SERVICIOS Y FACILITATION LOGISTICA*
                                        *INTEGRAL, S.A., d/b/a EASYFLY, S.A.*