**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:20-CV-20062-ALTONAGA-GOODMAN**

EASYGROUP LTD,

   Plaintiff,

       v.

SKYSCANNER, INC., *et al.*,

   Defendants.

**DEFENDANT KAYAK SOFTWARE CORPORATION'S ANSWER AND DEFENSES
TO PLAINTIFF EASYGROUP LTD'S SECOND AMENDED COMPLAINT**

     Defendant Kayak Software Corporation ("Kayak") by and through its undersigned counsel, hereby responds to the Second Amended Complaint [ECF No. 116] filed by Plaintiff easyGroup Ltd. ("Plaintiff"). Kayak denies each and every allegation in the Second Amended Complaint ("SAC") unless expressly admitted herein. On March 24, 2021, the Court granted in part Empresa Aerea de Servicios y Facilitacion Logistica Integral, S.A. ("Empresa") and Kayak's Joint Rule 12(b)(6) Partial Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 119] and dismissed: the direct trademark infringement claim against Kayak in Count I; the federal and common law unfair competition claims against Kayak in Counts III and V; and the counterfeiting claims against Kayak and Empresa in Counts VI and VII.

**ANSWER TO SECOND AMENDED COMPLAINT**

**NATURE OF THE ACTION**

     1.     Kayak admits that Plaintiff purports to bring an action for trademark counterfeiting and infringement, common law trademark infringement, false designation of origin, and unfair

{00371933.DOCX }

competition under Section 42 of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, and Florida State law, but denies that Plaintiff is entitled to any relief sought in the SAC.

## THE PARTIES

2. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3. Admitted.

4. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies them.

## JURISDICTION AND VENUE

5. Paragraph 5 contains conclusions of law to which no answer is required. To the extent an answer is required, Kayak admits that Plaintiff purports to bring an action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. § 1338(b) (pendant unfair competition claims) and 28 U.S.C. § 1367 (supplemental jurisdiction), but denies that there is any basis for Plaintiff's claims. Kayak is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies them.

6. Paragraph 6 contains conclusions of law to which no answer is required. To the extent an answer is required, Kayak does not dispute that venue is proper in this District, but denies that Kayak has taken actions outside of the state of Florida which have caused injuries in this District. Kayak is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, including to the extent that the term "Defendants" refers to Empresa, and therefore denies them.

7. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

## FACTS

8. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies them.

13. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

17. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies them.

25. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

26. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them.

27. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them.

28. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them.

31. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them.

32. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies them.

34. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies them.

35. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies them.

36. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them.

37. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies them.

38. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies them.

39. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies them.

40. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies them.

41. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies them.

42. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

43. Kayak admits that it describes itself as a travel search engine. Kayak denies the remaining allegations in Paragraph 43.

44. Kayak admits that an article on the online website Investopedia at https://www.investopedia.com/articles/company-insights/082816/how-kayak-makes-money-pcln.asp includes the statements stated in Paragraph 44. Kayak further responds that it did not author the article quoted in Paragraph 44.

45. Denied.

46. Denied.

47. Denied.

48. Kayak admits that it is a travel metasearch engine involved in the travel industry, but denies the remaining allegations in Paragraph 48.

49. Denied.

50. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

51. Denied.

52. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies them.

53. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

54. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

55. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

56. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

57. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

58. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

59. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

60. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies them.

61. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

62. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

63. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

64. Kayak is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 64 and therefore denies them.

65. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies them.

66. Kayak denies the allegations in Paragraph 66 to the extent that they may pertain to Kayak.

67. Kayak denies the allegations in Paragraph 67 to the extent that they may pertain to Kayak.

68. Kayak denies the allegations in Paragraph 68 to the extent that they may pertain to Kayak.

69. Kayak denies the allegations in Paragraph 69 to the extent that they may pertain to Kayak.

70. Kayak denies the allegations in Paragraph 70 to the extent that they may pertain to Kayak.

71. Kayak admits that it is possible for flights on Plaintiff's airline to be shown in search results on Kayak.com and that it is possible for flights on Empresa's airline to be shown in search results on Kayak.com.  Kayak denies the remaining allegations in Paragraph 71.

72. Kayak denies the allegations in Paragraph 72 to the extent that they may pertain to Kayak.

73. Kayak denies the allegations in Paragraph 73 to the extent that they may pertain to Kayak.

74. Kayak denies the allegations in Paragraph 74 to the extent that they may pertain to Kayak.

75. Kayak is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 75 and therefore denies them.

76. Denied.

77. Kayak denies the allegations in Paragraph 77 to the extent that they may pertain to Kayak.

78. Kayak is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
### Against Kayak

79. Kayak incorporates its responses to the allegations in the paragraphs above as though fully set forth herein.

80. Kayak admits that Plaintiff purports Count I to be a claim by Plaintiff against Kayak for infringement of federally registered trademarks arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114, but denies that it has committed any acts of direct or indirect infringement and denies that Plaintiff is entitled to any relief sought in the SAC, and therefore denies the remaining allegations of Paragraph 80. Kayak further responds that the direct trademark infringement claim against Kayak in Count I has been dismissed by the Court for failure to state a claim [ECF No. 119].

81. Denied. Kayak further responds that the direct trademark infringement claim against Kayak in Count I has been dismissed by the Court for failure to state a claim.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

## COUNT II
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
### Against Empresa

The allegations in Paragraphs 86–94 of Count II pertain solely to Empresa and not Kayak; therefore, Kayak does not respond to the allegations in Paragraphs 89–94 of the SAC. To the extent a response is required, Kayak denies.

## COUNT III
## FEDERAL UNFAIR COMPETITION
## AND FALSE DESIGNATION OF ORIGIN
### Against Kayak and Empresa

In light of the Court's dismissal of Count III against Kayak, the allegations in Paragraphs 95–106 of Count III pertain solely to Empresa and not Kayak; therefore, Kayak does not respond to the allegations in Paragraphs 95–106 of the SAC. To the extent a response is required, Kayak denies.[1]

## COUNT V
## COMMON LAW UNFAIR COMPETITION
### Against Kayak and Empresa

In light of the Court's dismissal of Count V against Kayak, the allegations in Paragraphs 107–117 of Count V pertain solely to Empresa and not Kayak; therefore, Kayak does not respond to the allegations in Paragraphs 107–117 of the SAC. To the extent a response is required, Kayak denies.

## COUNT VI
## COUNTERFEITING OF THE EASYFLY MARK
### Against Empresa

The allegations in Paragraphs 118–126 of Count VI pertain solely to Empresa and not Kayak; therefore, Kayak does not respond to the allegations in Paragraphs 118–126 of the SAC. To the extent a response is required, Kayak denies.

---

[1] There is no Count IV in the SAC.

## COUNT VII
## COUNTERFEITING OF THE EASYFLY MARK
### Against Kayak

The allegations in Paragraphs 127–135 pertain solely to Count VII against Kayak, which was dismissed by the Court for failure to state a claim; therefore, Kayak does not respond to the allegations in Paragraphs 127–135.  To the extent a response is required, Kayak denies.

## RESPONSE TO PRAYER FOR RELIEF

Kayak denies that Plaintiff is entitled to any of the relief sought against Kayak in the SAC or to any relief against Kayak whatsoever.  Kayak further denies that Plaintiff is entitled to recover from Kayak any attorneys' fees or costs of this suit.  Kayak respectfully requests that the Court deny Plaintiff's requested relief against Kayak in the SAC and for such other and further relief as this Court may deem just and proper.

## DEFENSES

Kayak alleges the following affirmative and other defenses to the SAC as set forth below. By alleging the defenses set forth below, Kayak does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, either in whole or in part.  Kayak reserves the right to amend its Answer to add additional defenses consistent with the facts discovered over the course of the action.

## FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff's claim of trademark infringement against Kayak is barred in whole or in part due to Plaintiff's failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE
### (Lack of Knowledge)

At all relevant times Kayak has no knowledge of Plaintiff's alleged trademarks nor any reason to know that Empresa is engaging in infringing activity.

## THIRD DEFENSE
### (No Standing)

Plaintiff lacks standing to assert the "EASY," "EASYJET," and "EASYFLY" trademarks because Plaintiff has not made use in commerce in the United States of those trademarks.

## FOURTH DEFENSE
### (No Willfulness)

None of Kayak's alleged actions have been willful.

## FIFTH DEFENSE
### (No Exceptional Case)

This is not an "exceptional" case within the meaning of 15 U.S.C. §§ 1117(a) and 1125.

## SIXTH DEFENSE
### (No Remedies or Damages)

Kayak has not committed any acts resulting in any damages against Plaintiff or any remedies owned to Plaintiff.

## SEVENTH DEFENSE
### (Speculative Damages)

Plaintiff is not entitled to monetary relief against Kayak because Plaintiff cannot establish any actual damages sustained by Plaintiff or Kayak's or any alleged direct infringer's profits from the alleged infringing acts beyond mere speculation.

## EIGHTH DEFENSE
### (No Injunctive Relief)

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff—there is none—is neither immediate nor irreparable and Plaintiff has an adequate remedy at law.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Kayak demands a trial by jury

on all claims and issues triable to a jury.

Dated: April 21, 2021

Respectfully submitted,

By: */s/Eleanor T. Barnett*
**WALDMAN BARNETT, P.L.**
Eleanor T. Barnett, Esq.
Florida Bar No. 355630
3250 Mary Street, Suite 102
Coconut Grove, Florida 33133
Tel: (305) 371-8809
ebarnett@waldmanbarnett.com
litservice@waldmanbarnett.com

**FISH & RICHARDSON P.C.**
Kristen McCallion
7 Times Square
20th Floor
New York, New York 10036
Tel: (212) 765-5070
Fax: (212) 258-2291
mccallion@fr.com

**FISH & RICHARDSON P.C.**
Sarah Kelleher
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
Tmdoctc@fr.com
kelleher@fr.com

ATTORNEYS FOR DEFENDANT
KAYAK SOFTWARE CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on April 21, 2021 with a copy of this document via the Court's CM/ECF system.

*/s/ Eleanor T. Barnett*
Eleanor T. Barnett, Esq.